800 So.2d 964 (2001)
STATE of Louisiana
v.
Sidrikia M. BRIDGEWATER.
No. 01-KA-507.
Court of Appeal of Louisiana, Fifth Circuit.
October 17, 2001.
*965 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Rebecca J. Becker, Nancy A. Miller, Assistant District Attorneys, Counsel for the State.
Lawrence C. Billeaud, Appellate Counsel, Lafayette, LA, Counsel for defendant-appellant.
Court composed of Judges JAMES L. CANNELLA, MARION F. EDWARDS and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
The Defendant appeals her conviction for attempted theft of goods, arguing that the evidence was insufficient to support a conviction. For the reasons that follow, the conviction is affirmed, and the case is remanded to correct errors patent.

STATEMENT OF THE CASE
Defendant, Sidrikia Bridgewater, was charged by bill of information with theft of goods valued between $100.00 and $500.00, in violation of LSA-R.S. 14:67.10. Sumika Rodriguez was charged in the bill as a co-defendant. Defendant was arraigned on May 5, 2000 and pled not guilty.
The Defendant alone was tried by a six-member jury on February 5, 2001.[1] The jury returned a verdict of guilty to the lesser included charge of attempted theft of goods valued between $100.00 and $500.00. LSA-R.S. 14:27, :67.10. The trial court thereafter sentenced Defendant to one year in parish prison.
On February 12, 2001, Defendant filed a motion to reconsider sentence, a motion for new trial, and a motion for appeal. On February 15, 2001, the trial court granted the motion for appeal and denied the other two motions.

FACTS
Deputy Eric Davis of the Jefferson Parish Sheriff's Office testified that he works an off-duty security detail at Dillard's Department Store at Lakeside Mall in Metairie. His primary function is to look for and apprehend shoplifters. At about 11:30 a.m. on April 13, 2000, Davis was scanning the second floor of the store for suspicious activity. He saw the Defendant and a female companion looking around as if they were searching for security cameras and sales associates. The *966 two were in the Tommy Hilfiger clothing display, attempting to hide behind a clothes rack.
Concealing himself from view, Davis saw Defendant remove some clothing from hangers while her companion acted as lookout. The officer, who was dressed in uniform, approached Defendant and asked where she had put the clothing she had removed from the rack. Defendant told him it was in a fitting room. When Davis asked her to show him where the items were, she ran from him. As she fled, Davis saw Defendant remove several pieces of clothing from her purse and discard them. Davis pursued Defendant to the store's parking lot, where he apprehended her and placed her under arrest.
Using a two-way radio, Davis called Deputy Keith Young, another off-duty officer on security detail at Dillard's. He asked Young to go to the Tommy Hilfiger department to retrieve the merchandise Defendant had thrown on the floor. Young testified that he went to the Tommy Hilfiger department as instructed by Davis, and found the described clothing scattered on the floor. The clothing was Tommy Hilfiger brand, and bore Dillard's price tags. Young delivered the items to Davis in the store's security office, and Davis confirmed that they were the pieces discarded by Defendant. A photograph was taken of the merchandise so that the store could retain possession of it. The officers both identified State's Exhibit 1 as a photograph depicting the clothing. The total value of the merchandise, three shirts and a pair of pants, was $173.00.
The defense presented a different version of what happened. Co-defendant, Sumika Rodriguez, testified for the defense that she was with Defendant at Dillard's on April 13, 2000. She stated that it was she, not Defendant, who put store merchandise in her purse. Rodriguez testified that she had already pled guilty to the offense.
Defendant testified that she and Rodriguez went to Dillard's together, but that they parted company in order to shop in different parts of the store. Defendant stated that she bought a shirt, then went to the parking lot, expecting to find Rodriguez waiting at her car. When she did not find Rodriguez, she went back into the store to look for her. Defendant testified that she found her friend on the second floor. The two were approached by a female sales associate, who questioned Rodriguez as to the whereabouts of some clothes that were in the fitting room. The female clerk accused Rodriguez of having taken some items out of her purse and throwing them on the floor. At that point Rodriguez ran from the store. Defendant walked outside and saw Deputy Davis holding Rodriguez to the ground. A second officer approached Defendant and handcuffed her because she had been seen with Rodriguez.

ASSIGNMENT OF ERROR NUMBER ONE
The Defendant argues that the state failed to produce sufficient evidence to support a conviction for attempted theft of goods. By this assignment, she specifically complains that she was a victim of misidentification by Deputy Davis.
The constitutional standard for testing the sufficiency of the evidence, as enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Juluke, 98-0341 (La.1/8/99), 725 So.2d 1291, 1293; *967 State v. Williams, 99-223 (La.App. 5 Cir. 6/30/99), 742 So.2d 604, 608.
LSA-R.S. 14:67.10 provides, in pertinent part:
A. Theft of goods is the misappropriation or taking of anything of value which is held for sale by a merchant, either without the consent of the merchant to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the merchant permanently of whatever may be the subject of the misappropriation or taking is essential and may be inferred when a person:
(1) Intentionally conceals, on his person or otherwise, goods held for sale.
* * * *
(3) Transfers goods from one container or package to another or places goods in any container, package, or wrapping in a manner to avoid detection.
Defendant here challenges only the sufficiency of the evidence regarding identification. When the key issue in the case is identification, the state is required to negate any reasonable probability of misidentification in order to carry its burden of proof. State v. Zeno, 99-69, p. 9 (La. App. 5 Cir. 8/31/99), 742 So.2d 699, 706, writ denied, 00-0105 (La.6/30/00), 765 So.2d 1065.
At trial, Deputy Davis testified that when he saw Defendant engaging in suspicious activity, he approached her and questioned her. He never lost sight of Defendant from the time he saw her take clothing items off the rack until he apprehended her in the store's parking lot. Davis testified that he is certain it was Defendant, and not her companion, who discarded the store's merchandise. Davis testified that Defendant gave him her name after he caught her. Later, after Defendant had been transported to the lockup, she was identified through the use of a fingerprint machine. On cross-examination, Davis stated that he remembered Defendant's face because when he restrained her in the parking lot, she looked him full in the face and said she would bite him if he did not let her go.
It was the testimony of Defendant and Sumika Rodriguez that Rodriguez was the one who attempted to take the store's merchandise. Defendant stated that it was Rodriguez, and not her, who ran from the officer and threatened to bite him. Defendant testified that because she and Rodriguez are similar in appearance, and because a great deal of time had passed since the incident, Davis was mistaken in his identification.
When questioned on rebuttal, Davis reiterated that he did not lose sight of Defendant during the entire incident. He also stated that there was no confusion in his mind about the actions of either Defendant or Rodriguez.
The jury's verdict came down to a credibility determination. In finding the Defendant guilty, the jury obviously rejected the testimony of Defendant and Rodriguez. It is noted that both women admitted they had multiple shoplifting convictions. On appeal, it is not the function of the appellate court to assess the credibility of witnesses or to re-weigh the evidence. State v. Armstrong, 99-925, p. 6 (La.App. 5 Cir. 2/16/00), 756 So.2d 533, 536, writ denied, 00-2419 (La.6/1/01), 793 So.2d 182. See also, State v. Bordenave, 95-2328, p. 2 (La.4/26/96), 678 So.2d 19, 20. Considering the evidence in the light most favorable to the state, we hold that there was sufficient proof for a rational trier of fact to conclude beyond a reasonable doubt that Defendant committed an attempted theft of goods from Dillard's.

*968 ERRORS PATENT DISCUSSION
The record was reviewed for errors patent. LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990).
The trial judge erred in denying Defendant credit for time she had served on a thirty-day contempt sentence he had imposed prior to trial. Article 880 of the Louisiana Code of Criminal Procedure provides that "[a] defendant shall receive credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence." The article is mandatory in nature, and is self-operating. See, State v. Pascual, 98-1052, p. 15 (La. App. 5 Cir. 3/30/99), 735 So.2d 98, 105. Accordingly, we order that the record be corrected to reflect that the Defendant is to receive credit for time served.
Additionally, Article 930.8 A of the Louisiana Code of Criminal Procedure provides that "[n]o application for postconviction relief ... shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final ..." The commitment in this case shows that the judge fully advised Defendant of the prescriptive period at the time of sentencing. However, the transcript shows that the judge only informed Defendant, "... you have two years to file for post-conviction relief and five days to file an appeal." There was no mention of when the prescriptive period would commence. It is well settled that where a transcript and a minute entry conflict, it is the transcript that prevails. State v. Lynch, 441 So.2d 732 (La.1983); State v. Wilkinson, 00-339, p. 25 (La.App. 5 Cir. 10/19/00), 772 So.2d 758, 771. Because the Defendant was not properly advised as to when the prescriptive period commenced, we remand and order that the trial court send written notice of the prescriptive period to Defendant within ten days of the rendering of this Court's opinion and to file written proof in the record that Defendant received said notice. See, State v. Joseph, 99-1161 (La.App. 5 Cir. 3/22/00), 759 So.2d 141, 145.

CONCLUSION
We find that the evidence was sufficient to sustain the Defendant's conviction for attempted theft of goods. The conviction is affirmed, and the case is remanded to correct the specified errors patent.
AFFIRMED AND REMANDED TO CORRECT ERRORS PATENT.
NOTES
[1] Sumika Rodriguez testified at trial that she pled guilty to the charge.