JUDE G. GRAVOIS, Judge.
 

 | ¡¡Defendant, Vincent Patrick Ball, appeals his conviction for operating a vehicle while intoxicated, fourth or subsequent offense, in violation of LSA-R.S. 14:98(A), (E). On appeal, defendant argues that there was no probable cause to arrest him and force him to submit to a urine test without his consent; that the trial court erred by refusing to allow him the opportunity to have a full and complete motion to suppress hearing and in denying his motion to suppress; and finally that he received an excessive sentence. For the following reasons, we affirm defendant’s conviction and sentence.
 

 FACTS AND PROCEDURAL HISTORY
 

 On May 19, 2009, defendant, Vincent Patrick Ball, was charged in a bill of information filed by the Jefferson Parish District Attorney with one count of operating a vehicle while intoxicated, sixth offense, in violation of LSA-R.S. 14:98(A), (E). This charge stemmed from a motor vehicle accident involving |adefendant in Metairie, Louisiana, on April 23, 2009. Defendant pled not guilty to this charge at his arraignment on June 8, 2009. On November 12, 2009, defendant filed a motion to appoint a sanity commission. A sanity hearing was held on January 27, 2010 and the trial court found defendant competent to stand trial.
 

 On the morning of April 12, 2010, the day defendant’s case was set for trial, defendant filed a motion to suppress evidence. After a hearing held on April 12, 2010, the trial court denied defendant’s motion to suppress. On April 13, 2010, defendant withdrew his not guilty plea and pled guilty to operating a vehicle while intoxicated, fourth or subsequent offense, in violation of LSA-R.S. 14:98(A), (E), reserving his right to seek review of the denial of his suppression motion under
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976).
 
 [1]
 
 
 *366
 
 Defendant’s guilty plea was accepted by the trial court and he was sentenced to thirteen years imprisonment at hard labor with the Department of Corrections. This timely appeal followed.
 

 FIRST ASSIGNMENT OF ERROR
 

 Defendant argues that the trial court erred in denying his motion to suppress. He contends that the police officer did not have probable cause to arrest him. However, in his written motion, filed untimely on the morning of the trial, defendant did not argue lack of probable cause as grounds for suppression of the evidence. He only argued that the urine sample was taken without his consent.
 

 The defense has the burden of asserting the basis for its motion to suppress in order to provide the State with adequate notice so that it may prepare evidence addressing the defendant’s claims.
 
 [2]
 
 Therefore, the defendant is limited on appeal 14to the grounds articulated in his motion to suppress or at the hearing on that motion. A new basis, even a meritorious one, cannot be raised for the first time on appeal.
 
 [3]
 

 In the instant case, when defense counsel asked the trial court to hear his untimely motion to suppress, he specifically limited himself to the question of whether defendant was “forced to submit a urine sample” in jail. The State objected to the timeliness of the motion. Defense counsel stated that he only wanted to present defendant’s testimony in support of his motion. The trial court agreed to hear defendant’s testimony. When defendant tried to expand his motion mid-hearing to include his lack of probable cause assertions, the trial court refused to allow him to address the issue, finding that it was untimely and also waived.
 
 [4]
 
 Defendant did not object. Accordingly, we will not consider defendant’s argument on appeal regarding lack of probable cause assertions. We further find that defendant failed to assign as error or brief the issue of his consent to the urine test in the jail as argued in the trial court. Accordingly, we find no error in the trial court’s ruling denying defendant’s motion to suppress.
 

 SECOND ASSIGNMENT OF ERROR
 

 Defendant next argues that the trial court erred by refusing to allow him the opportunity to have a full and complete hearing on his motion to suppress. Defendant argues that he was denied the right to confront and cross-examine his accusers in violation of his Fifth Amendment rights.
 

 |BThis Court has held that the right to confrontation contained in the United States and Louisiana Constitutions is not implicated in a pre-trial matter.
 
 [5]
 
 Moreover, the issue was not preserved for appellate review because defendant did not
 
 *367
 
 proffer the testimony of his accusers. Also, as noted above, defendant never asked for a full and complete hearing. Conversely, defendant declared to the trial court that he only wanted to offer the testimony of his client in support of his motion. Accordingly, we find that this assignment of error is without merit.
 

 THIRD ASSIGNMENT OF ERROR
 

 Defendant lastly contends that the trial court failed to adequately comply with the sentencing guidelines established in LSA-C.Cr.P. art. 894.1, and further that he received an excessive sentence. This assignment of error also has no merit.
 

 As provided by LSA-C.Cr.P. art. 881.2 A(2), “[a] defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.” This Court has consistently recognized that a defendant is precluded from raising a claim of excessiveness on appeal when the imposed sentence is the product of a plea agreement.
 
 [6]
 
 In this case, defendant agreed to the sentence as part of a plea bargain. Moreover, defendant neither objected to nor requested reconsideration of the sentence after it was imposed. Accordingly, we affirm defendant’s sentence.
 

 \rJERRORS PATENT REVIEW
 

 The record was reviewed for errors patent.
 
 [7]
 
 Our review indicated no errors patent requiring corrective action.
 

 CONCLUSION
 

 For the reasons stated above, defendant’s conviction and sentence are affirmed.
 

 AFFIRMED
 

 [1]
 

 . On that date, defendant also pled guilty to a misdemeanor charge for failure to maintain
 
 *366
 
 control of his vehicle, in district court case number 09-2805, in which he was sentenced to 30 days in the Jefferson Parish Correctional Facility plus costs, to run concurrently with the sentence he received in the instant case.
 

 [2]
 

 . LSA-C.Cr.P. art. 703(E);
 
 State v. Jackson,
 
 04-1388, p. 5 (La.App. 5 Cir. 5/31/05), 904 So.2d 907, 911,
 
 writ denied,
 
 05-1740 (La.2/10/06), 924 So.2d 162.
 

 [3]
 

 .
 
 State v. Jackson, supra; State v. Smith,
 
 94—120, p. 6 (La.App. 5 Cir. 5/31/94), 638 So.2d 452, 455.
 

 [4]
 

 . In refusing to allow defendant to argue lack of probable cause assertions at his motion to suppress hearing, the trial court ruled: "We’re way past probable cause. You chose not to file on that. We’re way past that, that’s waived.”
 

 [5]
 

 .
 
 State v. Ayo,
 
 08-468, p. 17 (La.App. 5 Cir. 3/24/09), 7 So.3d 85, 97,
 
 writ denied,
 
 09-1026 (La.3/5/10), 28 So.3d 1006, (citing
 
 State v. Harris,
 
 08-2117, p. 1 (La.12/19/08), 998 So.2d 55, 56).
 

 [6]
 

 . State v. Jones,
 
 05-840, p. 14 (La.App. 5 Cir. 3/28/06), 927 So.2d 514, 528;
 
 State
 
 v.
 
 Washington,
 
 05-211, p. 5 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173;
 
 State v. Guerra,
 
 03-1071, p. 5 (La.App. 5 Cir. 12/30/03), 865 So.2d 154, 157;
 
 State v. Miller,
 
 02-729, p. 7 (La.App. 5 Cir. 12/30/02), 836 So.2d 614, 618,
 
 writ denied,
 
 03-0200 (La.10/10/03), 855 So.2d 326 and 03-0503 (La.10/10/03), 855 So.2d 329.
 

 [7]
 

 . LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990).