CHRISTINA LAMBERT

VERSUS

CHRISTOPHER STINSON, WARDEN,
LOUISIANA TRANSITIONAL CENTER
FOR WOMEN

NO. 24-KH-324

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

October 02, 2024

Linda Wiseman
First Deputy Clerk

**IN RE** CHRISTINA LAMBERT

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE NANCY A. MILLER, DIVISION "I", NUMBER 19-1900

Panel composed of Judges Marc E. Johnson,
Scott U. Schlegel, and Timothy S. Marcel

## WRIT DENIED

Relator, Christina Lambert, seeks review of the 24th Judicial District Court's June 17, 2024 judgment denying her application for post-conviction relief ("APCR").

In 2019, Relator pled guilty to five felony drug charges and was sentenced to 20 years imprisonment on one count, and 10 years imprisonment on the other four counts, all at hard labor to be served concurrently. The trial court suspended the imposition of those sentences and placed Relator on active probation for 36 months. Relator did not timely appeal.

A Rule to Revoke Relator's Probation was filed in April 2022, but continued to give her more time to complete the conditions of probation. A second Rule to Revoke was filed in October 2022 and the court revoked her probation at the end of the month. The next month, the district court denied her APCR without prejudice, but granted Relator's motion for an out-of-time appeal. This Court reversed the grant of the out-of-time appeal and vacated the lower court's ruling on the APCR and ordered it to address the merits. *See Lambert v. Stinson*, 23-608 (La. App. 5 Cir. 1/26/24), 381 So.3d 181, 182-83. The district court determined that Relator's probation "was revoked after proof of multiple charged violations" and it did not err when it noted "the degree of [her] non-compliance and lack of success while on probation." The court stated that revocation was an option it could exercise under La. C.Cr.P. art. 900(A) and once again denied Relator's APCR after finding that she failed to meet the heavy burden posed by La. C.Cr.P. art. 930.8. We denied Relator's previous writ application, finding that the trial court did not

abuse its discretion in revoking Relator's probation. *See Lambert v. Stinson, Warden,* 24-255 (La. App. 5 Cir. 6/25/2024) (unpublished writ opinion).

In the instant, counseled application, Relator urges again that the district court failed to follow the rules governing probation and revocations and consider the powerful mitigating circumstances in her case – she is a survivor of intimate partner violence and trafficking. However, those arguments were addressed in the previous writ disposition, so we pretermit further discussion of those assignments of error. Relator also claims that the district court did not address her claims of ineffective assistance of counsel at the probation revocation hearing and whether her sentence was constitutionally excessive.

According to the October 2022 revocation hearing minute entry, Relator's counsel objected after the court imposed the original, suspended sentences. The suspended sentence shall be regarded as a sentence for the purpose of granting or denying a new trial or appeal. La. C.Cr.P. art. 893. Further, review of the lower court record reveals that the original sentences were imposed pursuant to a plea deal. "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." La. C.Cr.P. art. 881.2.

Relator's counsel did not file a written motion to reconsider sentence, but "the mere failure to file a motion to reconsider sentence does not in and of itself constitute ineffective assistance of counsel." *State v. Fairley,* 02-168 (La. App. 5 Cir. 6/26/02), 822 So.2d 812, 816, *writs denied,* 03-1427 (La. 4/23/04), 870 So.2d 290 and 08-2581 (La. 1/30/09), 999 So.2d 755. However, if a defendant can "show a reasonable probability that, but for counsel's error, his sentence would have been different," a basis for an ineffective assistance claim may be found. *Id.* The failure to file a motion to reconsider sentence, or to state specific grounds upon which the motion is based, limits a defendant to a review of his sentence for constitutional excessiveness only. *State v. Warmack,* 07-311 (La. App. 5 Cir. 11/27/07), 973 So.2d 104, 108.

> The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive, even when it is within the applicable statutory limits, if it is grossly disproportionate to the severity of the offense or imposes needless and purposeless pain and suffering. In reviewing a sentence for excessiveness, the appellate court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock the court's sense of justice. The trial judge is afforded wide discretion in determining sentences, and the court of appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed. The relevant question on appeal is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.

*State v. Girod*, 16-74 (La. App. 5 Cir. 6/30/16), 195 So.3d 1274, 1279, *writ denied,* 16-1547 (La. 5/26/17), 221 So.3d 80 (citations removed). In reviewing a trial court's sentencing discretion, three factors are considered: 1) the nature of the crime; 2) the nature and background of the offender; and 3) the sentence imposed

for similar crimes by the same court and other courts. *State v. Casimer*, 12-678 (La. App. 5 Cir. 3/13/13), 113 So.3d 1129, 1137-38. Generally, the maximum sentences are reserved for cases involving the most serious violations of the offense charged and the worst type of offender. *Id.*

In Relator's case, her counsel at trial did not file a motion to review sentence, or object to her convictions and sentences because Relator entered into a plea deal at trial which was documented in a minute entry and also memorialized in a plea agreement. Both the minute entry and the plea agreement state the sentences that would be imposed and suspended, and the plea agreement also lists the sentencing range for the most serious charge – 5 to 40 years. Though the mitigating factors present in Relator's case are compelling, and also call into question her degree of culpability, we noted in our previous disposition that the trial court was not made aware of those factors at the time the plea agreement was executed. Further, Relator did not timely seek review of her sentences, and she cannot challenge sentences imposed in conformity with a plea agreement on grounds of constitutional excessiveness. *See State v. Ball*, 10-847 (La. App. 5 Cir. 6/14/11), 71 So.3d 364, 367, *writ denied,* 11-1597 (La. 4/27/12), 86 So.3d 614; La. C.Cr.P. art. 893.

Last, under *Strickland*, the defendant must show: (1) that counsel's performance was deficient, that is, that the performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) that the deficient performance prejudiced the defense. *State v. Robinson*, 22-310 (La. App. 5 Cir. 4/12/23); 361 So.3d 1107, 1121 (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

At the July 2022 hearing held after the first Rule to Revoke Probation was filed, the court advised Relator ". . . I never wanted to put you on probation to begin with because of your charges. But I did so to give you the opportunity to have probation for three years and not go to jail for twenty. [ . . .] You're looking at twenty years in jail because you can't go get drug screened." The court also instructed Relator to complete the requirements of her probation and mentioned specifically participating in a twelve-step program, drug screens and JPHSA recommendations, and that she would give her until October to do so.

In October 2022, the court revoked Relator's probation after the State's second request, and stated

> ". . .because of the nature of your charges you were eligible for probation. But I didn't want to give you probation because I didn't think, number one, you would be successful. And I didn't think you deserved probation based upon your charges. But I gave you the opportunity. I gave you the opportunity."

At the April 2024 hearing in Relator's matter, the State acknowledged that the duress Relator was under at the time of her arrest in 2019 was noticed by the detective working the case, and documented in the original police report, but never brought to the attention of the court. The State and Relator's counsel also confirmed that there was an inpatient treatment bed waiting for Relator, should the

trial court choose to reverse the revocation.[1] After offering to set the matter for an additional hearing, the court took the matter under advisement then denied Relator's APCR in June 2024, and found Relator failed to meet her post-conviction burden of proof, citing La. C.Cr.P. art. 930.2.

Upon review we find that Relator's application does not support a finding that the trial court would have ruled differently in October 2022 if Relator's counsel presented evidence regarding the abuse Relator suffered, how it created her addictions, and how her co-defendant used the abuse and her addiction to coerce her into selling drugs. Even after the court was made aware of Relator's situation at the time she was arrested, and the fact that the State either supported or would acquiesce if it placed Relator on probation a second time, the court chose not to reverse its earlier ruling, "[a]fter a review of the entire record, including a transcript of the revocation hearing and the pleadings".

Accordingly, the writ is denied.

Gretna, Louisiana, this 2nd day of October, 2024.

**MEJ**
**SUS**
**TSM**

---

[1] The State also suggested that recent personnel changes, and also changes in the law, although not retroactive, influenced its change in position since October 2022.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **10/02/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-KH-324**

## E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Nancy A. Miller (DISTRICT JUDGE)
Thomas J. Butler (Respondent)          Stanislav L. Moroz (Relator)

## MAILED