830 So.2d 288 (2002)
STATE of Louisiana
v.
Timothy WASHINGTON.
No. 2002-KK-2196.
Supreme Court of Louisiana.
September 13, 2002.
*289 PER CURIAM.
Defendant, Timothy Washington, filed a motion to recuse Judge Louis Daniel, who had been assigned to try defendant for second-degree murder and possession of a firearm by a convicted felon. Judge Bonnie Jackson heard the motion to recuse on July 23, 1999, and granted defendant's motion. Judge Jackson ordered the case randomly reallotted in accordance with Local Rule III, § 8 of the 19th Judicial District Court. However, that order, and the Local Rule, conflicted with Code of Criminal Procedure article 676(B), which at that time stated:
When a district court judge, or a judge of a separate juvenile court or of a family court, is recused after a trial of the motion, the judge ad hoc who tried the motion to recuse shall continue to act as judge ad hoc for the trial of the case.
The case was randomly reallotted to Judge Michael Erwin, where it remained for two years, during which time several pre-trial motions were filed and ruled upon. On April 9, 2002, defendant filed a motion seeking to have the case returned to Judge Jackson to preside over the trial. The basis of the motion was that Judge Jackson had illegally ordered the case sent for random reallotment, in violation of La. Code Crim. Proc. art 676(B), as written at that time, when Judge Jackson ordered random reallotment. On April 15, 2002, Judge Erwin granted defendant's motion and ordered the case sent back to Judge Jackson.
The State sought supervisory review from the Court of Appeal, First Circuit. The panel denied the writ. The State then sought review from this court. The State contends the trial court and the appellate court erred in failing to retroactively apply La.Code Crim. Proc. art. 676(B), as amended by Acts 2001, No. 417, § 2. Article 676(B), in relevant part, now provides:
When a district court judge or a judge of a separate juvenile court or of a family court is recused after a trial of the motion, the matter shall be reassigned to another judge for trial of the case in accordance with the procedures contained in Code of Criminal Procedure Article 675.
Article 675 reads, in pertinent part:
B. In a court having more than two judges, the motion to recuse shall be referred to another judge of the court *290 through a random process as provided by the rules of court.
The issue to be decided before us is what law, the pre-revision or the amended version of La.Code Crim. Proc. art. 676, should be applied to the motion to correct allotment. Laws which are procedural or interpretive may apply retroactively, but "[i]n the absence of contrary legislative expression, substantive laws apply prospectively only." La. Civ.Code art. 6; Aucoin v. State Through Dep't of Transp. and Dev., 97-1938, 97-1967, p. 9 (La.4/24/98), 712 So.2d 62, 67.
A two-fold inquiry is required by La. Civ.Code art. 6 in deciding whether a law should be applied retroactively. First, it must be ascertained whether the enactment expresses legislative intent regarding retrospective or prospective application. If such intent is expressed, the inquiry ends. Sudwischer v. Estate of Hoffpauir, 97-0785, p. 8 (La.12/12/97), 705 So.2d 724, 728 (citations omitted). The legislature expressed no such intent with regard to article 676. Therefore, as no such intent was expressed, the second step is to classify the enactment as either substantive, procedural or interpretive. Id.
Substantive laws are laws that impose new duties, obligations or responsibilities upon parties, or laws that establish new rules, rights and duties or change existing ones. Interpretive laws are those which clarify the meaning of a statute and are deemed to relate back to the time that the law was originally enacted. Procedural laws prescribe a method for enforcing a substantive right and relate to the form of the proceeding or the operation of laws.

Jacobs v. City of Bunkie, 98-2510, p. 8 (La.5/18/99), 737 So.2d 14, 20 (citing Sudwischer, 97-0285, p. 9, 705 So.2d at 728). Laws that are procedural or interpretive may be applied retroactively. Aucoin, 97-1938, 97-1967, p. 9, 712 So.2d at 67.
This present case is in a somewhat unusual posture, because at the time Judge Jackson recused Judge Daniel and randomly reallotted the case, the Local Rule prescribing random reallotment was in conflict with article 676, which stated that the judge ad hoc who heard the motion to recuse shall continue to act as judge ad hoc for the trial of the case. However, by the time defendant filed his motion to recuse the randomly reallotted trial judge, Judge Erwin, article 676 had been amended to mandate random reallotment of cases where the judge was recused. Because article 676 is procedural, it may be applied retroactively, as the legislature expressed no intent with regard to prospective or retroactive application.
Accordingly, because La.Code Crim. Proc. art. 676(B) is procedural law that may be applied retroactively, the trial court erred in granting defendant's motion to correct allotment of his case; defendant's motion should have been denied. For these reasons, we now reverse and vacate the lower courts' rulings. Defendant's motion is hereby denied. This case is remanded to the section of the district court to which it was randomly reallotted.
REVERSED AND REMANDED.