865 So.2d 154 (2003)
STATE of Louisiana
v.
Whitney E. GUERRA.
No. 03-KA-1071.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 2003.
*155 Frank Larre, Metairie, LA, for Defendant-Appellant, Whitney E. Guerra.
Paul D. Connick, Jr., District Attorney, 24th Judicial District, Parish of Jefferson, State of Louisiana, Juliet Clark, Terry M. Boudreaux, Assistant District Attorneys, Appellate Counsel, Gevin Grisbaum, Assistant District Attorney, Trial Counsel, Gretna, LA, for Plaintiff-Appellee, The State of Louisiana.
Panel composed of Judges SOL GOTHARD, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
SUSAN M. CHEHARDY, Judge.
On December 26, 2002 the Jefferson Parish District Attorney filed a bill of information charging Whitney Guerra with one count of armed robbery, a violation of La.R.S. 14:64 (Count 1), and one count of attempted simple robbery, a violation of La.R.S. 14:27 and 14:65 (Count 2). At his arraignment on December 27, 2002, Guerra pleaded not guilty to both charges.
On April 22, 2003, the defendant gave notice of his intention to withdraw his pleas of not guilty and enter guilty pleas as to both counts. The trial court advised the defendant of his constitutional rights to trial by jury and confrontation, and his privilege against self-incrimination.[1] The court further explained that, by pleading guilty, the defendant would forfeit those rights. The defendant indicated that he had not been threatened, coerced, or promised anything in exchange for his guilty pleas.
The defendant indicated that he understood his rights and he wished to waive them. He withdrew his pleas of not guilty and entered pleas of guilty as charged. The defendant and his attorney also completed a waiver of rights form. The trial court found that the defendant waived his rights knowingly and voluntarily, and accepted his guilty pleas.
Although the State and the defendant had agreed upon the sentences the defendant would receive as part of a plea agreement, defense counsel moved the court to consider a downward departure from the statutory minimum sentence on Count 1.[2] After hearing arguments on the matter, the court denied the motion. He sentenced the defendant to ten years at hard *156 labor on the armed robbery conviction, without benefit of parole, probation or suspension of sentence. The court sentenced the defendant to three and one-half years at hard labor on the attempted simple robbery conviction and ordered that the sentences be served concurrently. The court further stipulated that the defendant, if eligible, would be placed in the About Face Program operated by the Orleans Parish Criminal Sheriff's Office. Defense counsel objected to the court's denial of the motion for a downward departure in sentencing.
The defendant filed a motion for appeal on April 30, 2003. The trial court granted the motion on May 5, 2003. Under the version of La.C.Cr.P. art. 914(B) in effect at the time the court sentenced the defendant, the motion for appeal was untimely.[3] However, Article 914(B) was recently amended to extend the appeal period to thirty days after rendition of the judgment or ruling from which the appeal is taken. See, 2003 La. Acts 949, effective August 15, 2003. It appears that the amendment is subject to retroactive application.
La.C.C. art. 6 provides, "In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary." In State v. Washington, 02-2196, p. 2-3 (La.9/13/02), 830 So.2d 288, 290 (per curiam), the Louisiana Supreme Court defined the inquiry necessary to a determination of whether a law should be applied retroactively under La.C.C. art. 6 as follows:
First, it must be ascertained whether the enactment expresses legislative intent regarding retrospective or prospective application. If such intent is expressed, the inquiry ends.... [T]he second step is to classify the enactment as either substantive, procedural or interpretive.
Substantive laws are laws that impose new duties, obligations or responsibilities upon parties, or laws that establish new rules, rights and duties or change existing ones. Interpretive laws are those which clarify the meaning of a statute and are deemed to relate back to the time that the law was originally enacted. Procedural laws prescribe a method for enforcing a substantive right and relate to the form of the proceeding or the operation of laws.
Laws that are procedural or interpretive may be applied retroactively. [Citations omitted.]
Act 949 contains nothing to indicate legislative intent regarding its application. However, since the act relates to appellate procedure, it should be treated as procedural in nature. Applying the amended version of Article 914(B), therefore, the defendant's appeal motion was timely.
The facts underlying the charges against the defendant are not contained in the record, since his conviction was the result of a guilty plea.
ASSIGNMENT OF ERROR NUMBER ONE
The Court filed [sic] to deviate downward from the minimum sentence as allowed by State v. Dorthey, 623 So.2d *157 1276 (La.1979[1993]); because of this case's individuality and special circumstances, therefore marking [sic] Mr. Guerra's sentence unconstitutional and overly excessive.
By this assignment, the defendant challenges the trial court's denial of his request that the court deviate below the statutory minimum term in sentencing the defendant for the armed robbery conviction. The defendant asserts that the mandatory minimum sentence of ten years is constitutionally excessive.
The record clearly reflects that the defendant's sentence was imposed in conformity with a plea agreement. La. C.Cr.P. art. 881.2(A)(2) provides, "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." This Court has consistently recognized that Article 881.2 A(2) precludes a defendant from seeking review of a sentence to which the defendant agreed prior to pleading guilty. State v. Miller, 02-729, p. 7 (La.App. 5 Cir. 12/30/02), 836 So.2d 614, 618, writs denied, 03-200 (La.10/10/03), 855 So.2d 326 and 03-503 (La.10/10/03), 855 So.2d 329; State v. Stevenson, 00-1296, p. 3 (La.App. 5 Cir. 1/30/01), 778 So.2d 1165, 1166.
During the Boykin colloquy, the judge reviewed with the defendant the sentences agreed upon, and noted that defense counsel planned to move for a downward deviation from the statutory minimum sentence for armed robbery. The defendant stated he understood the sentences agreed upon as part of the plea bargain. Moreover, the defendant and his attorney completed and signed a waiver of rights form that included a statement of the sentences the defendant would receive. During the guilty plea proceedings, the prosecutor stated, "I'd like the record to reflect that pursuant to the plea bargain the State has agreed not to use Louisiana Revised Statute 14:64.3, which is the enhancement provision, which adds five years to the minimum sentence." Based on the foregoing, the defendant is not entitled to appellate review of his sentence.
Defense counsel argued prior to sentencing that the court should deviate below the ten-year statutory minimum because the defendant committed the instant offenses due to a severe drug problem. When the trial court rejected that argument, the proper recourse for the defendant was to move the court to allow him to withdraw his guilty plea. La.C.Cr.P. art. 559(A) provides that the trial court "may permit a plea of guilty to be withdrawn at any time before sentencing." The defendant did not move the district court to allow him to withdraw his guilty plea, nor does he seek such remedy on appeal. Accordingly, this assignment of error merits no consideration.
Pursuant to our usual procedure, we reviewed the record for patent errors.[4] We find there is an error, but it does not require correction. Specifically, the commitment states, "The Court Sentenced defendant under the provisions of State v. Dorthey." The sentencing transcript shows that, after hearing arguments from the State and the defense, the trial judge rejected the defendant's request that he deviate below the statutory minimum sentence pursuant to Dorthey. When there is a discrepancy between the minute entry and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La. 1983). Under the circumstances in this *158 case, however, remand for correction would serve no valid purpose and would have no effect on the defendant's sentence. Therefore, no corrective action is needed.
For the foregoing reasons, the sentence is affirmed.
AFFIRMED.
NOTES
[1] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
[2] State v. Dorthey, 623 So.2d 1276, 1280 (La. 1993).
[3] La.C.Cr.P. art. 914(B)(1) required that a motion for appeal be made no later than "[f]ive days after the rendition of the judgment or ruling from which the appeal is taken." The defendant's appeal motion was filed six days after sentencing (excluding Saturday and Sunday).
[4] See La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).