CLARENCE E. McMANUS, Judge.

\,STATEMENT OF THE CASE

On March 10, 2003, the Jefferson Parish District Attorney filed a bill of information charging defendant, Jonathan Washington, with two counts of simple robbery, pursuant to LSA-R.S. 14:65, and one count of theft of goods valued at over five hundred dollars, pursuant to LSA-R.S. 14:67.10. Donnanil Bourgeois and Ronald Mitchell were charged as co-defendants as to count 1 only. Defendant was arraigned on March 11, 2003, and pled not guilty to all charges.
On May 7, 2003, the State amended the charges by substituting a new, four-count bill of information. In counts 1 and 2, the bill charged defendant with simple robbery. Count 3 charged theft of goods valued at more than five hundred dollars. Count 4 charged obstruction of justice, pursuant to LSA-R.S. 14:130.1. Donnanil Bourgeois and Ronald Mitchell were named in the amended bill as co-defendants as to count l.[1] On July 9, 2003, the State added Tyrone Washington as a co-defendant in count 2. There is no indication in the record that defendant was arraigned as to the amended bill.
On May 14, 2003, defendant filed a Motion to Appoint Sanity Commission to Determine Competency to Stand Trial. The trial court granted the motion and |3appointed a sanity commission. On July 9, 2003, the parties stipulated to the joint report of Drs. Salcedo and Richoux, and the court found defendant was not competent to stand trial. The State later filed a Motion for Competency Hearing and for Resumption of Proceedings, which the trial court granted on December 8, 2003. On March 30, 2004, the attorneys stipulated to a report in which Drs. Salcedo and Ri-choux stated that defendant was now competent to stand trial. Based on the doctors’ recommendations and the stipulation of counsel, the court found defendant competent to proceed.
On June 16, 2004, the trial court advised defendant of his Boykin[2] rights. Defendant stated that he understood his rights, and that he wished to waive them and enter guilty pleas on all counts. The trial court accepted defendant’s guilty pleas to two counts of simple robbery, one count of theft of goods valued at over five hundred dollars, and one count of obstruction of justice.
The court sentenced defendant to consecutive terms of seven years at hard labor on counts 1 and 2. As to count 3, the court sentenced defendant to five years at hard labor, to run consecutively to the other sentences. As to count 4, the court sentenced defendant to ten years at hard labor, ordering that all but one year run concurrently with the other sentences. The court noted that defendant’s net incarceration time on those four counts would be twenty years. The court further ordered that the sentences in the instant case would run concurrently with defendant’s eighteen-year sentence for first degree robbery.[3]
Defendant filed a Motion and Order to Withdraw Plea of Guilty, in proper person, *1173 on June 17, 2004. The trial court denied the motion that day. On June 28, 2004, defendant filed, in proper person, a timely Motion to Appeal Conviction and J^entence. The court issued an order on June 30, 2004, granting defendant’s appeal.

FACTS

Since no motion hearings or trial were held in this case, the factual basis for the convictions is only found in the bill of information. In count 1, defendant was alleged to have committed a simple robbery on Allison Long. By count 2, defendant was alleged to have committed a simple robbery on Jenna Capper. In count 3, defendant was alleged to have committed theft of goods valued at over five hundred dollar's from Super Tobacco. In count 4, defendant was alleged to have committed obstruction of justice by tampering with evidence.

ASSIGNMENT OF ERROR NUMBER ONE

By this assignment, defendant contends that his sentences in this case are constitutionally excessive. In support of this claim, defendant argues that the trial judge improperly based his first degree robbery sentence, in the companion case against him, solely upon defendant’s claim of incompetence, which, defendant contends, the judge mischaracterized as a sham.[4] Defendant further argues that the court’s imposition of an excessive sentence in the companion case “likely induced” him to plead guilty in the instant case, “with the understanding that his plea would result in an increase in sentence of ‘only’ two years.”
Although defendant seems to imply that his guilty plea in the instant case was not made voluntarily and knowingly, he did not preserve such a claim for | ^appeal by including it in his Motion and Order to Withdraw Plea of Guilty in the district court. Nor does he challenge the trial court’s denial of that motion. Defendant does not, in fact, seek to withdraw his guilty plea. Rather, he moves this Court to vacate his sentences and remand for re-sentencing. Thus, the only issue before this Court is excessive sentence.
The record reflects that defendant’s sentences in this case were imposed in conformity with a plea agreement. LSA-C.Cr.P. art. 881.2 A(2) provides, “The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.” This Court has consistently recognized that Article 881.1 A(2) precludes a defendant from seeking review of a sentence agreed upon at the time of the guilty plea. State v. Guerra, 03-1071, p. 5 (La.App. 5 Cir. 12/30/03), 865 So.2d 154, 157; State v. Miller, 02-729, p. 7 (La.App. 5 Cir. 12/30/02), 836 So.2d 614, 618, writs denied, 03-0200 (La.10/10/03), 855 So.2d 326 and 03-0503 (La.10/10/03), 855 So.2d 329. Based on the foregoing, we find that defendant is not entitled to appellate review of his sentence.
We do note that the record does not in any way reflect that defendant was promised a sentence of only two years on the instant charges. Both the plea colloquy *1174 and the guilty plea form reflect that defendant would be sentenced to a total of twenty years, two of which would run consecutively to the eighteen-year sentence in the companion case. The remainder of the twenty years would be, served concurrently with the sentence in defendant’s companion case.
If defendant wishes to challenge the validity of his guilty pleas in this case, he may do so by way of an application for post-conviction relief. Therefore, we will not consider this issue on appeal.

\ «ERRORS PATENT DISCUSSION (ASSIGNMENT OF ERROR NUMBER TWO)

The record was reviewed for errors patent. LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Two matters are presented for review.
First, there is nothing in the record to show that defendant was arraigned as to the charges in the amended bill of information. Defendant entered guilty pleas to all charges without objection, thereby waiving any irregularity. LSA-C.Cr.P. art. 555. If a defendant fails to enter a plea, it is considered as if he had pleaded not guilty. Id.; State v. Parent, 02-835, p. 20 (La.App. 5 Cir. 12/30/02), 836 So.2d 494, 508, fn. 6, writ denied, 03-0491 (La.10/31/03), 857 So.2d 472. Therefore, no corrective action is necessary.
Second, the trial court erred in failing to fully advise defendant of the prescriptive period for applying for post-conviction relief under LSA-C.Cr.P. art. 930.8. The judge advised defendant that he would have “two years from the date your sentence becomes final” in which to file. The commitment reflects that the court properly advised defendant that he would have two years “after the judgement (sic) of conviction and sentence has become final.” However, where the transcript and the minute entry conflict, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983). Subpart A of Article 930.8 provides that a defendant has two years “after the judgment of conviction and sentence has become final” within which to file a post-conviction relief application. (Emphasis supplied). Therefore, we remand this matter to the trial court with instructions to provide defendant with written notice of the provisions of Article 930.8, and to file written proof of said notice in the record. State v. Taylor, 04-90, p. 15 (La.App. 5 Cir. 5/26/04), 875 So.2d 962, writ denied, 04-1649 (La.11/19/04), 888 So.2d 193.
17Based on the foregoing, we affirm defendant’s conviction and sentence and remand this matter to the trial court for correction of the error patent.

CONVICTION AND SENTENCE AFFIRMED; MATTER REMANDED WITH INSTRUCTIONS.

. The state amended count 1, as to Bourgeois only, to charge theft of goods valued at over five hundred dollars.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. See State v. Jonathan Washington, 05-KA-210.

. In sentencing defendant on the first degree robbery charge, the judge said, in part:
I take into consideration, the record of other arrests. I might also add, Mr. Capas-so [defense counsel], and you’ve made reference to it, the sham proceeding in which he alleged a lack of competency which later turned out to be shown to be exactly how I characterized it as a sham. When the defendant found out that he was not going to get released, then he decided that he wanted to go ahead with his trial and claim to be competent. Well, that only goes to sincerity and that doesn't really weigh very much but it nevertheless occurred.