STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1141

GREGORY JAMES KLUMPP

VERSUS

SUSAN DOWS BLAKE KLUMPP

**********
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2001-816
HONORABLE GUY E. BRADBERRY, DISTRICT JUDGE

**********
**MARC T. AMY**
**JUDGE**

**********

Court composed of Oswald A. Decuir, Marc T. Amy, and J. David Painter, Judges.

**MOTION TO DISMISS APPEAL GRANTED IN PART
AND DENIED IN PART.
CASE REMANDED WITH INSTRUCTIONS.**

**S.C. Garcia, III**
**Basile J. Uddo**
**Garcia & Bishop**
**3850 North Causeway Boulevard**
**Suite 1090**
**Metairie, Louisiana 70002**
**(504) 835-5085**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Susan Dows Blake Klumpp**

**Kathleen Kay**
**512 Pujo Street**
**Lake Charles, Louisiana 70602**
**(337) 439-7616**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Gregory James Klumpp**

**Paul H. Spaht**
**Kantrow, Spaht, Weaver & Blitzer**
**Post Office Box 2997**
**Baton Rouge, Louisiana 70821**
**(225) 383-4703**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**Gregory James Klumpp**

**AMY, Judge.**

The plaintiff, Gregory James Klumpp, moves to dismiss the suspensive appeal of the defendant, Susan Dows Blake Klumpp, based on irregularities pursuant to La.Code Civ.P. art. 2161. For the reasons assigned, we deny the motion to dismiss and remand the case to the trial court for further consideration as explained below.

This case arises out of the community property dispute incident to the divorce of the parties. On December 15, 2005, the trial court signed a final judgment regarding the community property division. Notice of the judgment was mailed to the defendant on December 28, 2005. The defendant filed a motion for new trial that was denied by the trial court. Notice of this ruling was mailed to the defendant on February 3, 2006. The defendant timely filed a motion and order for suspensive appeal on February 15, 2006. The trial judge signed an order recusing himself on February 21, 2006, but thereafter signed the order for appeal on March 7, 2006. The trial court set a suspensive appeal bond in the amount of $292,202.56.

The record in this appeal was lodged in this court on September 5, 2006. The instant Motion to Dismiss Appeal for Irregularities was filed in this court on September 7, 2006.

In order to perfect a suspensive appeal, the appellant must obtain an order granting the appeal and file the suspensive appeal bond within the delays set forth in La.Code Civ.P. art. 2123. The plaintiff argues that the defendant did not perfect her appeal. The plaintiff contends the order granting the appeal is invalid because it was signed by a judge who had already been recused in this case. Judge Guy E. Bradberry signed an order recusing himself from this case on February 21, 2006. Thereafter, Judge Bradberry signed the order for

appeal on March 7, 2006.  The judge was without authority to sign any order in the case once he had been recused.  La.Code Civ.P. art. 153.  Therefore, the order for appeal is null and has no effect.  However, the defendant timely filed her motion and order for appeal with the trial court before the recusal and should not be penalized for the trial court's error in signing the order.  Accordingly, we deny the motion to dismiss the defendant's appeal, and further remand this case to the trial court in order for the order for appeal to be considered by a judge with jurisdiction in this case.

The plaintiff also challenges the manner in which the defendant posted bond in this matter.  We find that this issue is properly presented to the trial court pursuant to La.Code Civ.P. art. 2088, and will not be considered by this court.

**MOTION TO DISMISS APPEAL GRANTED IN PART AND DENIED IN PART.**
**CASE REMANDED WITH INSTRUCTIONS.**