EDWIN A. LOMBARD, Judge.
 

 |,Appellants, Anthony Morgan, et al, appear before this Court to seek relief from the trial court’s denial of their Motion to Release or Remand to the Department of Health and Hospitals pursuant to the recent amendment of La.Code Crim. Proc. art. 648(B)(3). For the reasons provided below, the decision of the trial court is reversed, and the defendants are remanded to the custody of the Department of Health and Hospitals.
 

 Factual and Procedural History
 

 Appellants, Anthony Morgan (# 271-267), Alvin Bently (# 342-359), Frank Ma-gee (# 359-171), Dennis Lee (# 371-067), Richard Rayford (# 389-832), and Clyde Brumfield (# 458-106 and # 458-109) were each charged with criminal offenses in Section “H” in the Criminal District Court for the Parish of Orleans between 1979 and 2005. Each defendant has been determined by the Criminal District Court to be permanently incompetent to stand trial for the foreseeable future and a danger to himself or others. All six defendants have been committed to Feliciana Forensic Felicity pursuant to La.Code Crim. Proc. art. 648(B)(3) prior to its revision in 2008. In November 2008, the individual defendants’ cases were combined for the purpose of
 
 *294
 
 filing a “Motion to Release or Remand the Defendants to the Department of Health and Hospitals” pursuant to the recently-amended LajCode2 Crim. Proc. art. 648(B)(3). On June 28, 2009, the district court denied the defendants’ motions for release or remand.
 

 Defendants then sought supervisory writ before this Court. In their writ application, appellants first argued that the 2008 amendment of art. 648(B)(3) is retroactive, and that it therefore must be applied to their commitments. Defendants then argued that the pre-2008 version of art. 648 violated due process and equal protection rights of permanently incompetent defendants.
 

 The State “agree[d] with the defendants’ constitutional claim” but argued that the defendants’ interpretation of art. 648(B)(3) “would effectively repeal” La.Rev.Stat. § 13:1336(0(2), which states that the jurisdiction for civil commitment in Orleans Parish of an incompetent defendant who is a danger to himself or others lies exclusively with the Criminal District Court for the Parish of Orleans.
 

 This Court denied relators’ application.
 
 State v. Anthony Morgan, et al,
 
 unpub., 2009-1395 (La.App. 4 Cir. 1/19/10). Defendants then sought relief with the Louisiana Supreme Court, which granted defendants’ writ and remanded the matter to this Court for briefing, argument, and full opinion.
 
 State v. Anthony Morgan, et al,
 
 2010-KK-0321, 32 So.3d 807 (La.4/16/10).
 

 Assignments of Error
 

 In their brief on remand before this Court, defendants argue that the trial court improperly denied their Motion to Release or Remand the defendants to the Department of Health and Hospitals pursuant to the recently amended La. Code Crim. Proc. art. 648(B)(3). Defendants re-urge that the recent amendment to art. 648(B)(3) is retroactive in nature, and that the defendants must therefore be remanded to the Department of Health and Hospitals under the codal article’s recent change. Defendants also question the constitutionality of La.Rev.Stat. |s§ 13:1336(C)(2) in the wake of the recent amendment to art. 648(B)(3) as being a “special” or “local” law prohibited by La. Const. Art. 3, § 12. Defendants also argue that the pre-2008 version of La.Code Crim. Proc. art. 648(B)(3) amounted to an unconstitutional violation of procedural due process and equal protection of the laws.
 

 Standard of Review
 

 Determinations of law are subject to the
 
 de novo
 
 standard of appellate review.
 
 State v. Smith, et al,
 
 99-2094, (La.7/6/2000), 766 So.2d 501, 504. Interpretation of a constitutional issue of law properly before this Court is also reviewed
 
 de novo. Id.
 

 Civil Commitment: Federal and State Legal History
 

 In
 
 Jackson v. Indiana,
 
 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972), at issue before the Supreme Court of the United States was the constitutionality of a state criminal statute that committed a defendant, charged with crimes but found incompetent to stand trial, to “an appropriate psychiatric institution” until he shall become “sane.”
 
 Id.,
 
 406 U.S. at 718-19, 92 S.Ct. 1845. The Indiana law at issue called for an appointment of two physicians for examination as well as a competency hearing on which a defendant would be represented by counsel.
 

 The U.S. Supreme Court held that such an indefinite detention violated the defendant’s due process rights under the Fourteenth Amendment, holding that Indiana “cannot constitutionally commit the petitioner for an indefinite period simply on account of his incompetency to stand trial
 
 *295
 
 of the charges filed against him.”
 
 Id.,
 
 406 U.S. at 719, 92 S.Ct. 1845. The Court further wrote that “by subjecting Jackson to a more lenient commitment standard and a more stringent standard of release than those generally applicable to all others not charged with offenses,” and thus | rendering an indefinite institutionalization without the opportunity for civil commitment, the incompetent defendant was also deprived of his Fourteenth Amendment right to equal protection.
 
 Id.,
 
 406 U.S. at 730, 92 S.Ct. 1845. Most importantly, the Court held that if there is a substantial probability that a defendant will not gain the capacity to stand trial in the foreseeable future;
 

 ... then the state must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant.
 

 Id.,
 
 406 U.S. at 738, 92 S.Ct. 1845.
 

 The Louisiana Supreme Court recognized Jackson in
 
 State ex rel. Lockhart v. Armistead
 
 (La.1977), 351 So.2d 496, 499, and held that an incompetent defendant can only be held for a reasonable time; after that, if his competency is not restored, he must be civilly committed. As a result of the
 
 Jackson
 
 and
 
 Lockhart
 
 decisions, the Louisiana legislature amended La.Code Crim. Proc. art. 648, which pertains to commitment procedure after determination of a defendant’s mental incapacity.
 

 La.Code Crim. Proc. art. 648 sets out the procedure after the determination of mental capacity or incapacity. Prior to the 2008 amendment, art. 648 had previously provided in pertinent part:
 

 A. The criminal prosecution shall be resumed unless the court determines by clear and convincing evidence that the defendant does not have the mental capacity to proceed. If the court determines that the defendant lacks mental capacity to proceed, the proceedings shall be suspended and one of the following dispositions made ...
 

 ... B. (1) In no instance shall such custody, care, and treatment exceed the time of the maximum sentence the defendant could receive if convicted of the crime with which he is charged. At any time after commitment and on the recommendation of the superintendent of the institution that the defendant will not attain the capacity to proceed with his trial in the foreseeable future, the 1 scourt shall, within sixty days and after at least ten days notice to the district attorney and defendant’s counsel, conduct a contradictory hearing to determine whether the mentally defective defendant is, and will in the foreseeable future be, incapable of standing trial and whether he is a danger to himself or others ...
 

 ... (3) If, after the hearing, the court determines the mentally defective defendant incapable of standing trial, is a danger to himself or others, and is unlikely in the foreseeable future to be capable of standing trial, the court shall order commitment to a designated and medically suitable treatment facility. Such a judgment shall constitute an order of civil commitment. However, the director of the institution designated for the patient’s treatment shall, in writing, notify the court and the district attorney when the patient is to be discharged or conditionally discharged, as long as the charges are pending. If not dismissed without prejudice at an earlier trial, charges against an unrestorable incompetent defendant shall be dismissed on the date upon which his sentence would have expired had he been convicted and received the maximum sentence for the crime
 
 *296
 
 charged, or on the date five years from the date of his arrest for such charges, whichever is sooner, except for the following charges ...
 

 (emphasis added).
 

 In
 
 State v. Denson,
 
 2004-0846 (La.12/1/04), 888 So.2d 805, the Louisiana Supreme Court rejected the State’s argument that the trial court’s probation order under La.Code Crim. Proc. art. 648(B)(2) was a civil commitment under La.Code Crim. Proc. art. 648(B)(3). The Court noted that Orleans Parish Criminal Court lacked jurisdiction over civil matters such as commitments, citing La.Rev.Stat. § 13:1336. The Supreme Court stated that once it was determined that there was no substantial probability that the defendant would attain the capacity to proceed to trial in the foreseeable future, the State must either institute civil commitment proceedings or release the defendant.
 
 Denson, supra,
 
 p. 10, 888 So.2d at 811.
 

 |f,In 2005, Louisiana legislature enacted subsection C to La.Rev.Stat. § 13:1336
 
 [1]
 
 , which gives the Criminal District Court for the Parish of Orleans exclusive jurisdiction over civil commitment proceedings:
 

 A.The Criminal District Court for the Parish of Orleans shall have exclusive jurisdiction of the trial and punishment of all crimes, misdemeanors, and offenses committed within the parish of Orleans if the jurisdiction is not vested by law in some other court.
 

 B. The judges of the Criminal District Court for the Parish of Orleans shall have power to act as committing magistrates in all felony charges and to hold preliminary examinations, with authority to bail, or discharge, or to hold for trial, in all cases before said court. They also may adopt all necessary rules with respect thereto.
 

 C. (1) Pursuant to the authority vested by Sections 16 and 32 of Article V of the Constitution, the Criminal District Court for the Parish of Orleans is hereby vested with additional jurisdiction of certain cases previously under the jurisdiction of the Civil District Court for the Parish of Orleans as provided for in Paragraph (2) of this Subsection.
 

 (2) The Criminal District Court for the Parish of Orleans shall have exclusive jurisdiction over civil commitment proceedings when the court determines a mentally defective defendant, who is under the jurisdiction of the court on pending criminal charges but is incapable of standing trial, is a danger to himself or others, and is unlikely in the foreseeable future to be capable of standing trial.
 
 [2]
 

 (emphasis added).
 

 In
 
 State v. Casby,
 
 2005-1181 (La.App. 4 Cir. 12/14/05), 921 So.2d 181, the issue before this Court was whether the trial
 
 *297
 
 court erred when it ordered the State |7to file a separate petition to have the defendant civilly committed pursuant to La.Rev. Stat. § 28:56
 
 et seq.,
 
 the Mental Health Law. The State argued that the relators’ commitments pursuant to La.Code Crim. Proc. art. 648 were legal and that the criminal district court judges should continue to conduct periodic reviews of the relators’ conditions; there was no need for the filing of a new civil petition. This Court noted the civil commitment progeny of
 
 Jackson
 
 and
 
 Lockhart
 
 as it pertains to defendants who have been charged but were not able to stand trial and were considered a danger to themselves or others. Furthermore, this Court in
 
 Casby
 
 noted:
 

 In an apparent reaction to the language (which arguably was dicta) in the
 
 Den-son
 
 opinion, the legislature amended La. R.S. 13:1336(0 and La. R.S. 13:1338 by 2005 La. Acts 174 to provide specifically that the Criminal District Court for the Parish has exclusive jurisdiction over civil commitment proceedings when the court finds that a defendant is unrestor-ably incompetent and dangerous and thus is civilly committed pursuant to La.C.Cr.P. art. 648(B)(3).
 

 Casby,
 
 p. 10, 921 So.2d at 186. Under the pre-2008 art. 648(B)(3), this Court in
 
 Cas-by
 
 further took note of the fact that
 

 there is nothing in the Louisiana Code of Criminal Procedure, in Title 28 of the Revised Statutes, or in La. R.S. 15:211(A) which requires the state to file a formal petition for a civil commitment once the trial court has determined under La.C.Cr.P. art. 648(B)(3) that a defendant is unlikely in the foreseeable future to regain his capacity to proceed. The statutes have not been amended to impose such a requirement in the years since the trial court first found that the defendants were unrestorably incompetent and dangerous, as required to designate his continued commitment as ‘civil.’
 

 Casby,
 
 p. 8, 921 So.2d at 185.
 

 Following
 
 Casby,
 
 the legislature did in fact place such a requirement on the state by way of release or remand to the Department of Health and Hospitals, who are to then either institute civil commitment proceedings pursuant to Title 28 of the | sLouisiana Revised Statutes or release the incompetent defendant. In Acts 2008, No. 861 § 1, eff. July 9, 2008
 
 [3]
 
 , La Code Crim. Proc. art. 648(B)(3) was significantly changed to read (in pertinent part) as follows and as it stands today:
 

 ... B. (1) In no instance shall such custody, care, and treatment exceed the time of the maximum sentence the defendant could receive if convicted of the crime with which he is charged. At any time after commitment and on the recommendation of the superintendent of the institution that the defendant will not attain the capacity to proceed with his trial in the foreseeable future, the court shall, within sixty days and after at least ten days notice to the district attorney, defendant’s counsel and the Bureau of Legal Services of the De
 
 *298
 
 partment of Health and Hospitals, conduct a contradictory hearing to determine whether the mentally defective defendant is, and will in the foreseeable future be, incapable of standing trial and whether he is a danger to himself or others.
 

 (2) Repealed by Acts 2008, No. 861, § 2, eff. July 9, 2008.
 

 (3) If, after the hearing, the court determines that the incompetent defendant is unlikely in the foreseeable future to be capable of standing trial, the court shall order the defendant released or remanded to the custody of the Department of Health and Hospitals which, within ten days exclusive of weekends and holidays, may institute civil commitment proceedings pursuant to Title 28 of the Louisiana Revised Statutes of 1950, or release the defendant. The defendant shall remain in custody pending such civil commitment proceedings. If the defendant is committed to a treatment facility pursuant to Title 28 of the Louisiana Revised Statutes of 1950, the director of the institution designated for the patient’s treatment shall, in writing, notify the court and the district attorney when the patient is to be discharged or conditionally discharged, as long as the charges are pending. If not dismissed without prejudice at an earlier trial, charges against an unrestorable incompetent defendant shall be dismissed on the date upon which his sentence would have expired had he been convicted and received the maximum sentence for the crime |9charged, or on the date five years from the date of his arrest for such charges, whichever is sooner, except for the following charges ...
 

 Retroactivity of 2008 Revision of Art. 648(B)(3)
 

 Defendants argue that the 2008 amended version of La.Code Crim. Proc. art. 648 are retroactive due to its procedural nature. We agree, and therefore hold that the current version of art. 648(B)(3), amended by Acts 2008, No. 861 § 1, eff. July 9, 2008, shall apply to each of the defendants’ individual cases, and that the defendants shall be remanded to the custody of the Department of Health and Hospitals.
 

 In absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary. La. Civ. Code art. 6. In
 
 State v. Washington,
 
 2002-2196, p. 2 (La.9/13/02), 830 So.2d 288, 290, at issue before the Louisiana Supreme Court was whether to apply a pre-revision or amended version of an article of the Louisiana Code of Criminal Procedure. The Supreme Court held that a two-part inquiry under La. Civ.Code art. 6 was required in deciding whether a law should be applied retroactively. First, “it must be ascertained whether the enactment expresses legislative intent regarding retrospective or prospective application.”
 
 Washington,
 
 p. 2, 830 So.2d at 290. “If such intent is expressed in the legislative history, the inquiry ends.” Id.
 

 If no such intent is expressed, then the second step is invoked, which is that the law must be classified as either substantive, procedural, or interpretive. Id,
 
 citing Sudwischer v. Estate of Hoffpauir,
 
 97-0785 (La.1997), 705 So.2d 724, 728. Substantive laws are laws that impose new duties, obligations, or responsibilities upon parties, or laws that establish new rules, rights and duties or change existing |inones. Interpretive laws clarify the meaning of a statute and are deemed to relate back to the time that the law was
 
 *299
 
 originally enacted. Procedural laws prescribe a method for enforcing a substantive right and relate to the form of the proceeding or the operation of laws.
 
 Washington, supra,
 
 p. 3, 830 So.2d at 290. The Washington court held that the article of the Code of Criminal Procedure at issue was procedural and would therefore be applied retroactively.
 
 Id.
 

 In the instant matter, there is similarly no legislative expression as to retroactive application. However, in the Purpose of the Amendment of La.Code Crim. Proc. art. 648 (provided in Footnote # 3 of this Opinion), one listed purpose that this Court clearly finds applicable to art. 648(B)(3) specifically is “to provide for procedure after determination of mental capacity.”
 
 See also
 
 Acts 2008, No. 861, § 2, eff. July 9, 2008.
 

 This Court finds that the 2008 amendment of art. 648(B)(3) is not a substantive law, as no new duties, obligations, or responsibilities are placed on any party, nor any new rules, rights, or duties created or changed. Clearly the revised article at issue does not relate back to any originally enacted law, and is therefore not interpretive. The newly required act of remanding or releasing a permanently incompetent defendant to the Department of Health and Hospitals is a procedural mechanism that the Louisiana Legislature has enacted if a trial court determines that an incompetent defendant is “unlikely in the foreseeable future to be capable of standing trial.” La.Code Crim. Proc. art. 648(B)(3). In essence, it “provide[s] for procedure after mental incapacity.”
 
 See
 
 Acts 2008, No. 861, § 2, eff. July 9, 2008 (Footnote # 3 of this Opinion). Therefore, this Court finds that art. 648(B)(3), in its recently amended current version, shall be applied to the defendants in this matter.
 

 |
 
 ^Conclusion
 

 In applying the current version of La. Code Crim. Proc. art. 648(B)(3) to the defendants in this matter, this Court follows the two-part inquiry of criminal procedure articles set forth in
 
 State v. Washington, supra,
 
 and repeated in
 
 State v. Guerra,
 
 03-1071 (La.App. 5 Cir. 12/30/03), 865 So.2d 154, 156, with similar results: that articles of the Code of Criminal Procedure are procedural in nature and are thus applied retroactively. The newly amended version of art. 648(B)(3) better ensures that permanently incompetent defendants will be civilly committed under Title 28 of the Revised Statutes.
 

 Because we find that the current version of art. 648(B)(3) shall apply, we decline to address the constitutionality of La.Rev. Stat. § 13:1336(C)(2) following the post-
 
 Casby
 
 changes to civil commitment of permanently incompetent defendants enacted to La.Code Crim. Proc. art. 648. We also decline to address the constitutionality of the pre-2008 version of art. 648(B)(3), as it is no longer applicable procedural law.
 

 Decree
 

 The decision of the district court in denying relators’ Motion to Release or Remand is reversed. The defendants are hereby remanded to the custody of the Department of Health and Hospitals for further proceedings consistent with the current La.Code Crim. Proc. art. 648(B)(3).
 

 REVERSED.
 

 [1]
 

 . La. R.S. 13:1336, as amended by 2005 La. Acts No. 174, added subsection C. Originally La. Acts 1975, No. 144, § 1 enacted R.S. 13:1336 and 13:1337 and incorporated therein the provisions of Const. 1921, Art. 7, § 83, which related to the original jurisdiction of the criminal district court for the Parish of Orleans.
 

 [2]
 

 . The purpose of the 2005 addition of subsection C (in bold letters above) to La. R.S. 13:1336 was stated in 2005 La. Acts No. 174, which provided:
 

 AN ACT to enact R.S. 13:1336(C) and 1338, relative to the jurisdiction of the Criminal District Court for the Parish of Orleans; to provide for commitment jurisdiction of the court when the criminal court determines a mentally defective defendant is incapable of standing trial, is a danger to himself or others, and is unlikely in the foreseeable future to be capable of standing trial....
 

 [3]
 

 . The purpose of the 2008 amendment to art. 648 is stated in 2008 La. Acts, No. 861:
 

 AN ACT to amend and reenact Code of Criminal Procedure Article 648(A)(intro-ductory paragraph), (B)(1) and (B)(3)(introductory paragraph), to enact Code of Criminal Procedure Article 648(A)(2)(c), and to repeal Code of Criminal Procedure Article 648(B)(2), relative to mental capacity to proceed to trial in criminal cases; to provide with respect to the burden of proof regarding mental capacity determinations; to provide for procedure after determination of mental capacity; to require that certain criteria be satisfied; to repeal provisions authorizing the release of a defendant on probation; and to provide for related matters.