TERRI F. LOVE, Judge.
li Uniform Rules, Courts of Appeal, Rule 4-9 provides that “Rules 2-18.1 through 2-18.7 apply to requests for rehearings related to writ applications.” Uniform Rules, Courts of Appeal, Rule 2-18.7 states:
An application for rehearing will be considered in cases where the court has:
(A) Granted a writ application on the merits;
(B) Dismissed an appeal; or
(C) Ruled on the merits of an appeal. This Court did not consider Relator’s
application for supervisory writ, as Uniform Rules, Courts of Appeal, Rule 4-5(C)(11) requires that “the submission [of an application for supervisory writs] shall contain ... the notice of intent and return order required by Rules 4-2 and 4-3.” (Emphasis added). Additionally, pursuant, to Uniform Rules, Courts of Appeal, Rule 4-3, “[t]he application for writs shall contain documentation of the return date and any extensions thereof; any application that does not contain this documentation may not be considered by the appellate court.”
Further, according to relator’s application for rehearing, the amendment to La. C.C.P. art. 153, as outlined by Acts 2010, No. 262, § 1, became effective |2August 15, 2010. Prior to its recent amendment, La. C.C.P. art. 153 read as follows:
Until a judge has recused himself, or a motion for his recusation has been filed, he has full power and authority to act in the cause.
La. C.C.P. art. 153, as amended by Acts 2010, No. 262, § 1, currently reads as follows:
*957 Until a judge has recused himself, or a motion for his recusation has been filed, he has full power and authority to act in the cause. The judge to whom the motion to recuse is assigned shall have full power and authority to act in the cause pending the disposition of the motion to recuse.
Relator contends that because the amendment to La. C.C.P. art. 158 did not become effective until after it filed its writ application with this Court, this Court’s reliance on La. C.C.P. art. 153, as amended, was in error.
La. C.C. art. 6 provides as follows:
In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.
In State v. Washington, 2002-2196, p. 2 (La.9/13/02), 830 So.2d 288, 290, the Louisiana Supreme Court held that a two-part inquiry under La. C.C. art. 6 was required in deciding whether a law should be applied retroactively:
First, it must be ascertained whether the enactment expresses legislative intent regarding retrospective or prospective application. If such intent is expressed, the inquiry ends.... [T]he second step is to classify the enactment as either substantive, procedural or-interpretative.
The Court went on and defined substantive, interpretive, and procedural laws as follows:
IsSubstantive laws are laws that impose new duties, obligations or responsibilities upon parties, or laws that establish new rules, rights and duties or change existing ones. Interpretive laws are those which clarify the meaning of a statute and are deemed to relate back to the time that the law was originally enacted. Procedural laws prescribe a method for enforcing a substantive right and relate to the form of the proceeding or the operation of laws.
Id. at p. 3, 830 So.2d at 290, quoting Jacobs v. City of Bunkie, 98-2510, p. 8 (La.5/18/99), 737 So.2d 14, 20.
The amendment at issue does not “impose new duties, obligations or responsibilities upon parties,” nor does it “establish new rules, rights and duties or change existing ones.” Id. It is therefore not a substantive law. The amendment at issue clarified the meaning of the original law. See, Tatum v. Orleans Parish School Board, 2004-1190, p. 3 (La.App. 4 Cir. 1/26/05), 894 So.2d 1180 (“It has long been recognized in our civil procedure that once a judge is recused, or a motion for his recusal has been filed, he has no power to act (except to appoint the proper person to sit ad hoc [sic] when the law provides for such an appointment).”), quoting State v. Price, 274 So.2d 194, 197 (La.1973); see also, Klumpp v. Klumpp, 2006-1141, p. 2 (La.App. 3 Cir. 10/11/06), 941 So.2d 194, 195 (Appellate court remanded matter to trial court “in order for the order for appeal to be considered by a judge with jurisdiction in [the] case” where the trial judge signed the order for appeal after he recused himself.). The amendment at issue also seeks to prescribe a method for enforcing the rights of the parties after a judge has either recused him/herself, or a motion to recuse the judge has been filed. h The subject amendment is therefore both interpretive and procedural. As such, it applies both prospectively and retroactively.
REHEARING NOT CONSIDERED
ARMSTRONG, C.J., Concurs With Reasons.