| | | |
|---|---|---|
| STATE OF LOUISIANA | * | NO. 2022-K-0762 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| MANUEL BILLIPS | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 544-794, SECTION "H"
Honorable Camille Buras, Judge
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Sandra Cabrina Jenkins, Judge Rachael D. Johnson,
Judge Pro Tempore James F. McKay, III)

**JOHNSON, J., CONCURS IN THE RESULT**
**MCKAY, J. PRO TEMPORE, CONCURS IN RESULT**

Jason R. Williams
DISTRICT ATTORNEY
Brad Scott
CHIEF OF APPEALS
Thomas Frederick
ASSISTANT DISTRICT ATTORNEY
ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE
619 South White Street
New Orleans, LA 70119

        COUNSEL FOR RESPONDENT/STATE OF LOUISIANA

Michael Gregory
ORLEANS PUBLIC DEFENDERS
2601 Tulane Ave., Suite 700
New Orleans, LA 70119

        COUNSEL FOR RELATOR/DEFENDANT

                        **WRIT GRANTED; RELIEF DENIED**


                **DECEMBER 6, 2022**

*SCJ*

Defendant, Manuel Billips, seeks review of the trial court's October 26, 2022 ruling denying his motion to dismiss, which sought dismissal of the charges pursuant to La. C.Cr.P. art. 648(B)(3). Based upon our review of the record and the applicable statutory provision, we find no error in the trial court's denial of the motion to dismiss the bill of information. For the following reasons, we find that certain procedural steps must be taken prior to any potential dismissal of the charges in accordance with La. C.Cr.P. art. 648(B)(3). Therefore, we deny the particular relief sought.

## PROCEDURAL BACKGROUND[1]

In March 2019, defendant was charged with simple criminal damage to property between $500 and $50,000, in violation of La. R.S. 14:56(B)(2). After failing to appear for arraignment, defendant was arrested on March 27, 2019. At a competency hearing on April 11, 2019, the trial court found defendant incompetent and unable to stand trial, and the trial court ordered defendant into pre-trial

---

[1] The facts underlying the charges against defendant are not relevant to the disposition of this matter.

1

commitment.  Following a subsequent competency hearing on August 11, 2020, the trial court found defendant unable to stand trial and irrestorably incompetent; the trial court remanded defendant to the East Louisiana Mental Health System, Forensic Division ("ELMHS").

The record then indicates that defendant was released to a group home on April 7, 2021; but, subsequently, defendant violated the terms of that release by leaving the group home without permission.  An alias capias was issued for defendant and he was re-arrested on March 14, 2022.  On April 19, 2022, the trial court held another competency hearing and, once again, found defendant irrestorably incompetent and unable to stand trial and remanded him to ELMHS.

On October 26, 2022, on which another mental competency hearing was scheduled, defense counsel filed the motion to dismiss the bill of information pursuant to La. C.Cr.P. art. 648.  The trial court heard arguments on the motion to dismiss and denied it, then reset the mental competency hearing for November 3, 2022.

Defendant then timely filed this writ seeking review of the trial court's October 26, 2022 denial of his motion to dismiss.  Upon initial review of defendant's writ, this Court issued an order for the State to file a response to defendant's writ and for the trial court to submit a *per curiam* regarding its October 26, 2022 ruling.  Both the response and *per curiam* were filed on November 28, 2022.  Along with the *per curiam*, the trial court submitted the November 3, 2022 hearing transcript and its order remanding defendant to ELMHS.

## DISCUSSION

Defense counsel argues that the trial court erred in denying defendant's motion to dismiss, based upon the language of La. C.Cr.P. art. 648(B)(3) stating that "charges against an unrestorable incompetent defendant shall be dismissed on the date upon which his sentence would have expired had he been convicted and received the maximum sentence for the crime charged, or on the date five years from the date of his arrest for such charges, which is sooner, . . . ." Defense argues that defendant has been in custody, inclusive of his time in care or treatment at ELMHS, for more than two years, which is the maximum sentence for the charged crime of simple criminal damage under La. R.S. 14:56(B)(2).[2] Based upon the cited provision within La. C.Cr.P. art. 648(B)(3), defense argues that the trial court must dismiss the charges against defendant.

La. C.Cr.P. art. 648 governs the procedure to be followed after a trial court determines that the defendant lacks the mental capacity to proceed; it provides for care, custody, and treatment of the defendant depending on the specific circumstances of the case, including the offense charged, and whether the trial court determines that the defendant is likely to be restored to competence. *State v. Denson*, 04-0846, p. 5 (La. 12/1/04), 888 So.2d 805, 808. La. C.Cr.P. art. 648(B)(1) provides limits on the length of time a defendant can be required to

---

[2] La. R.S. 14:56(B)(2) provides:

> Where the damage amounts to one thousand dollars but less than fifty thousand dollars, the offender shall be fined not more than one thousand dollars or imprisoned with or without hard labor for not more than two years, or both.

3

submit to care, custody, or treatment, with criminal charges still pending against the defendant, providing as follows:

> In no instance shall such custody, care, and treatment exceed the time of the maximum sentence the defendant could receive if convicted of the crime with which he is charged. At any time after commitment and on the recommendation of the director or administrator of the treatment facility that the defendant will not attain the capacity to proceed with his trial in the foreseeable future, the court shall, within sixty days and after at least ten days notice to the district attorney, defendant's counsel, and the bureau of legal services of the Louisiana Department of Health, conduct a contradictory hearing to determine whether the defendant is, and will in the foreseeable future be, incapable of standing trial and whether he is a danger to himself or others.

La. C.Cr.P. art. 648(B)(3) then provides the procedure to be followed if the trial court determines that the defendant is irrestorably incompetent and unlikely to be capable of standing trial in the foreseeable future, stating as follows:

> If, after the hearing, the court determines that the incompetent defendant is unlikely in the foreseeable future to be capable of standing trial, the court shall order the defendant released or remanded to the custody of the Louisiana Department of Health which, within ten days exclusive of weekends and holidays, may institute civil commitment proceedings pursuant to Title 28 of the Louisiana Revised Statutes of 1950, or release the defendant. The defendant shall remain in custody pending such civil commitment proceedings. If the defendant is committed to a treatment facility pursuant to Title 28 of the Louisiana Revised Statutes of 1950, the director of the institution designated for the patient's treatment shall, in writing, notify the court and the district attorney when the patient is to be discharged or conditionally discharged, as long as the charges are pending. If not dismissed without prejudice at an earlier trial, charges against an unrestorable incompetent defendant shall be dismissed on the date upon which his sentence would have expired had he been convicted and received the maximum sentence for the crime charged, or on the date five years from the date of his arrest for such charges, whichever is sooner, except for the following charges:[3]

---

[3] The charge of simple criminal damage to property, La. R.S. 14:56, is not listed in La. C.Cr.P. art. 648(B)(3).

4

Defense counsel argues that La. C.Cr.P. art. 648(B)(3) applies at this stage of defendant's case such that it requires the dismissal of the charges against defendant, because he has been in custody for more than the maximum sentence provided by La. R.S. 14:56(B)(2). In response, the State argues that the dismissal provision of (B)(3) is only operative after a judgment of civil commitment is entered. Upon our review of the statutory language, and in light of the relevant jurisprudence, we find, in this case, that dismissal of the charges is not required by (B)(3) at this time.

The language of (B)(3) regarding the dismissal of charges must be read within the context of the entire provision. *See Louisiana Safety Ass'n of Timbermen Self-Insurers Fund v. Louisiana Ins. Guar. Ass'n*, 09-0023, p.9 (La. 6/26/09), 17 So.3d 350, 356 ("It is presumed every word, sentence or provision in the statute was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used."). The dismissal provision of (B)(3) is not a broad rule of dismissal, but the concluding passage of the procedures which the trial court must take after conducting a contradictory competency hearing and determining that the irrestorably incompetent defendant will not be able to stand trial in the foreseeable future. Thus, prior to any potential dismissal of charges, the trial court must first hold the contradictory competency hearing.

In this case, defense counsel filed the motion to dismiss on October 26, 2022, prior to the scheduled competency hearing being held. Therefore, that

prerequisite for dismissal under (B)(3) was not met.[4]  Consequently, we find no abuse of discretion in the trial court's denial of the motion to dismiss at the October 26, 2022 hearing.

Defendant's writ seeks review only of the trial court's October 26, 2022 denial of the motion to dismiss.  And, for the reasons stated above, we find no merit in defendant's argument for dismissal of the charges at this time and we deny the particular relief sought of dismissal of the charges and release of defendant.

However, from our review of the record presented to this Court, we note that the trial court's *per curiam* and submission of the November 3, 2022 transcript hearing reveals that the trial court has not complied with the mandatory provisions of La. C.Cr.P. art. 648(B)(3).  The trial court's *per curiam* informed this Court that it held a mental competency hearing on November 3, 2022, at which it reviewed reports and heard testimony from Drs. Richoux and McConville, and determined that defendant is unable to stand trial, is gravely disabled, and presents a danger to himself and others.  The trial court then remanded defendant to ELMHS and set the matter for another status hearing on January 26, 2022.

In accordance with the mandatory language of La. C.Cr.P. art. 648(B)(3), once the trial court determines the incompetent defendant cannot stand trial in the foreseeable future, the trial court "shall order the defendant released or remanded to the custody of the Louisiana Department of Health" which must decide to either

---

[4] Given the procedural posture of this case, we need not address the State's argument that a judgment of civil commitment must be entered prior to dismissal of the charges.  However, we note that the language of (B)(3) does not clearly support that assertion.

6

institute civil commitment proceedings or release the defendant. The Louisiana Supreme Court has explicitly held that the statute requires that, once the trial court has made that determination of inability to stand trial in the foreseeable future, the trial court must "either order the defendant released or remanded to the custody of the Louisiana Department of Health, in accordance with La. C.Cr.P. art. 648(B)(3)." *State v. Santacruz*, 19-0328, p. 1 (La. 5/6/19), 268 So.3d 1026; *see State v. Wallace*, 19-1398 (La. 12/20/19), 286 So.3d 421; *State v. Morgan*, 09-1395, pp. 7-8 (La. App. 4 Cir. 6/23/10), 44 So.3d 292, 297. As explained in *Denson*, *supra*, a defendant's due process rights are violated by being "held in state custody after it has been determined that he or she is incapable of standing trial in the foreseeable future, solely on account of his or her incapacity to stand trial." 04-0846, p. 10, 888 So.2d at 811. Thus, the trial court has an obligation to comply with the requirements of La. C.Cr.P. art. 648(B)(3). However, the trial court's actions at the November 3, 2022 hearing are not presented to this Court for review, and the defense has not filed a motion for release or remand to the Louisiana Department of Health under La. C.Cr.P. art. 468(B)(3).

## CONCLUSION

For the foregoing reasons, we find no abuse of discretion in the trial court's October 26, 2022 ruling denying defendant's motion to dismiss and we deny the relief sought by defendant.

**WRIT GRANTED; RELIEF DENIED**

7